Filed 4/23/14  Holland v. Los Angeles Dependency Lawyers CA2/1

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| MICHAEL J. HOLLAND,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>LOS ANGELES DEPENDENCY LAWYERS, INC., et al.,<br><br>    Defendants and Respondents. | B246500<br><br>(Los Angeles County<br>Super. Ct. No. MC023477)<br><br>ORDER MODIFYING OPINION<br><br>[NO CHANGE IN JUDGMENT] |

THE COURT:

It is ordered that the opinion filed herein on March 26, 2014 be modified as follows:

1.  On page 1, in the counsel listing for Defendants and Respondents, "Shaeffer" is changed to "Schaeffer."

There is no change in the judgment.

NOT TO BE PUBLISHED.


JOHNSON, J.            CHANEY, Acting P. J.            MILLER, J. *

---

    * Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

Filed 3/26/14 (unmodified version)

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| MICHAEL J. HOLLAND, | B246500 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. MC023477) |
| v. | |
| LOS ANGELES DEPENDENCY LAWYERS, INC., et al., | |
| Defendants and Respondents. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Randolph Rogers, Judge. Affirmed.

Michael J. Holland, in pro. per., for Plaintiff and Appellant.

Nemecek & Cole, Jonathan B. Cole, Mark Shaeffer and David B. Owen for Defendants and Respondents.

_____

Michael J. Holland appeals from a judgment dismissing his first amended complaint, following the trial court's sustaining of a demurrer without leave to amend.

The first amended complaint (FAC), filed by Holland in propria persona on August 27, 2012, alleged that Los Angeles Dependency Lawyers, Inc. (LADL), which represents parents of children in dependency proceedings, and several individuals, committed legal malpractice and breached their fiduciary duty during their representation of Holland after he (along with his ex-wife, Kelly Jones) was included in allegations of child abuse of their two young male children. Two callers to a Department of Children and Family Services (DCFS) hotline in 2010 stated that Jones was physically abusing the children, and when interviewed, the children confirmed the reports. Both Holland and Jones subsequently were named in a petition alleging that both parents violated Welfare and Institutions Code section 300, subdivisions (a), (b), and (j).

Holland was assigned two LADL attorneys, Rebecca Harkness and Rikka Fountain. Fountain failed to seek an immediate dismissal with prejudice of the claims, and obtained a transfer of Holland's case to avoid the hard work involved in representing him. Harkness took the case over, and failed in numerous ways to represent Holland adequately, culminating in failing to object to a DCFS motion for dismissal *without* prejudice, granted on May 23, 2011. A dismissal with prejudice would have been an adjudication on the merits, which would have resulted in Holland's removal from the Child Abuse Central Index list (CACI), an index of all abuse reports maintained by the Department of Justice (DOJ). (See *In re C.F.* (2011) 198 Cal.App.4th 454, 463.) Harkness's acceptance of the motion to dismiss without prejudice deprived Holland of a dismissal with prejudice, and kept him on the CACI list as a substantiated child abuser. This damaged his employment prospects (preventing him from continuing to work in security management), and also resulted in the family court's viewing Holland and Jones as "co-abusers" and switching primary custody of the children to Jones. The FAC also alleged that LADL was inadequately staffed and provided incompetent assistance. Holland asked for compensatory and punitive damages.

3

Holland included as an exhibit his June 2012 request under Welfare and Institutions Code section 388 to change a court order in the dependency case, which alleged that the abuse by Jones had continued, and asked for a finding that the child abuse allegations against him were not true and for the entry of a dismissal with prejudice. He also requested that the custody decision be changed to grant him sole physical custody, with supervised visitation to Jones. The dependency court had denied his request as not stating new evidence or a change in circumstances and as not promoting the best interests of the children, noting "matter should be referred through hot line."

LADL filed a demurrer to the FAC. The demurrer argued that the complaint did not state a claim as (1) Holland, as a parent, did not have standing to contest or oppose DCFS's request for dismissal, so that his counsel could not have proximately caused him damages; (2) Holland was collaterally estopped from claiming that his counsel should have obtained a dismissal with prejudice, as the dependency court had denied in his in pro. per. request to change a court order, which asked for such a dismissal; and (3) Holland had not alleged facts to show that he would have been removed from the CACI list had the case been dismissed with prejudice. After Holland opposed the demurrer and LADL replied, the court at a hearing on November 15, 2012 continued the matter to allow supplemental briefing.

Holland's supplemental brief claimed that DCFS engaged in a "campaign of retaliation" against him because of a book he wrote in 2007, entitled "Why Husbands Kill Their Wives and Boyfriends Beat U[p] Their Girlfriends." Holland acknowledged as "absolutely correct" what the court had stated in a tentative ruling: his name could be removed from the CACI list if the reporting agency notified the DOJ that the report was unfounded, or the children filed a written request to have his name removed. Holland also acknowledged that the court had correctly pointed out that as a parent he could not dismiss the DCFS case. For the first time, Holland claimed that LADL should have objected to evidence of abuse in the dependency action.

4

At the hearing on December 18, 2012, counsel for LADL pointed out that there was no adjudication hearing in the DCFS case, so that no evidence was ever introduced and no objection could have been lodged; the court agreed that Holland was changing theories, and it would be speculation to say that Harkness should have objected before any evidence was presented.

The court sustained the demurrer without leave to amend. In its statement of decision, the court noted that a parent cannot present evidence once a motion to dismiss is filed. Further, the objective of counsel for parents in a dependency proceeding is "to procure the dismissal of the petition to allow the parent to raise the[] children without state intervention," a goal which was achieved with the dismissal without prejudice of the petition. LADL was not charged with representing Holland in relation to the CACI list. When the dependency court stated that it deferred to the family law court to determine custody issues, it relinquished jurisdiction, and Holland lost his right to continued representation by LADL. Other avenues remained for Holland to contest his inclusion on the CACI list, but LADL did not have the duty or ability to represent him in an effort to have his name removed. As LADL fulfilled its legal duties to Holland, he could not state facts sufficient for a cause of action for professional negligence or a violation of fiduciary duty. Holland timely appealed.

We review de novo the sustaining of a demurrer. (*Smiley v. Citibank* (1995) 11 Cal.4th 138, 145–146.) We review for an abuse of discretion a court's denial of leave to amend. (*Blatty v. New York Times Co.* (1986) 42 Cal.3d 1033, 1040–1041.) Holland has the burden to establish that the trial court abused its discretion in refusing to allow amendment. (*Id*. at p. 1041.) "[W]hen [a demurrer] is sustained without leave to amend, we decide whether there is a reasonable possibility that the defect can be cured by amendment: . . . if not, there has been no abuse of discretion and we affirm." (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318.)

To state a claim for legal malpractice, Holland must allege a duty by LADL, a breach of that duty, a proximate causal connection between the breach and resulting

5

injury, and actual loss or damage as a result. (*Coscia v. McKenna & Cuneo* (2001) 25 Cal.4th 1194, 1199.) A claim for breach of fiduciary duty requires a fiduciary duty, a breach thereof, and damages as a result. (*Stanley v. Richmond* (1995) 35 Cal.App.4th 1070, 1086.)

Holland admits that LADL did not have a duty (and he had no standing) to obtain a dismissal with prejudice in the dependency court, and he also admits that LADL cannot do anything about his CACI listing, now that the case has been dismissed. This constitutes an admission that the demurrer to the FAC was properly sustained without leave to amend as to the original causes of action, as without a duty by LADL, Holland can state neither a claim for malpractice nor for breach of fiduciary duty.

Instead, Holland focuses on his new theory, that he was denied timely objections in the dependency court to evidence that was used by the family law court in the custody proceedings. This is without merit. First, he had no right to present evidence in the dependency court, because the court granted the motion to dismiss. (*In re Eric H.* (1997) 54 Cal.App.4th 955, 965.) Further, no evidence had been introduced at the adjudication hearing. Finally, LADL did not represent Holland in family law court, where the custody decisions were made, and so no claim for violation of duty can be made against LADL.

The trial court did not err in sustaining the demurrer, and it was not an abuse of discretion to deny leave to amend.

## DISPOSITION

The judgment is affirmed.  The parties shall bear their own costs on appeal.

NOT TO BE PUBLISHED.


                                    JOHNSON, J.


We concur:


    CHANEY, Acting P. J.


    MILLER, J.*

---

* Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.